## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| 1. ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY, <br><br> Plaintiff, <br><br> v. <br><br> 1. TRENTON HATTLER, and <br> 2. BETSY SMITH <br><br> Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)   Case No. CIV-22-117-J |

## COMPLAINT FOR DECLARATORY JUDGMENT

**COMES NOW** Plaintiff, Allstate Fire and Casualty Insurance Company ("Allstate"), by undersigned counsel, and hereby seeks declaratory judgment pursuant to 28 U.S.C. § 2201 *et seq.*, relating to the rights and liabilities of the parties under an Automobile Insurance Policy as more fully set forth herein.

## I.    PARTIES AND JURISDICTION

1.    This declaratory judgment action arises from claims made and damages sought in Case Number CJ-2021-282 filed in the District Court of Oklahoma County, State of Oklahoma, styled *Betsy Smith v. Trenton Hattler et. al.*

2.    Plaintiff, Allstate Fire and Casualty Insurance Company, is an Illinois corporation with a principal place of business in Northbrook, Illinois.

3.    Defendant, Trenton Hattler, is a resident and citizen of the State of Oklahoma, residing in Oklahoma City.

1

4. Defendant, Betsy Smith, is a resident and citizen of the State of Oklahoma, residing in the City of Moore.

5. Allstate issued an Auto Policy ("the Policy") to Trenton Hattler. The Policy insured his 2014 Nissan Altima. Subject to its terms, conditions, and limitations, the Policy provides Automobile Liability Insurance Coverage with limits of $250,000 each person. A certified copy of the Policy is attached hereto as Exhibit 1.

6. This Court has jurisdiction pursuant to 28 U.S.C. § 1332 because the amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000) exclusive of interest and costs and is between citizens of different states.

7. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) as a substantial part of the events giving rise to the claims herein arose in this judicial district.

## II.   THE UNDERLYING ACTION

8. On January 21, 2021, Betsy Smith filed suit against Trenton Hattler, Kirk Flowers, and Affordable Pool Solutions, LLC ("Affordable Pools"), in Oklahoma County District Court (Case No. CJ-2021-282) ("Underlying Action").

9. In the Underlying Action, Ms. Smith contends that on March 26, 2019, she was driving her car eastbound on N.W. Expressway in Oklahoma City. According to Ms. Smith, while she was stopped behind other vehicles at a red light, Mr. Hattler "negligently failed to bring his vehicle to a stop causing his vehicle to strike the rear of [Ms. Smith's] vehicle." (Petition, ¶ 8, Exhibit 2).

10.     At the time of the accident, Mr. Hattler was driving a 2004 GMC 1500 Sierra pickup truck ("GMC Truck") owned by Kirk Flowers who is the owner of Affordable Pools.

11.     At the time of the accident, Mr. Hattler was in the course and scope of his employment with Affordable Pools. (Petition, ¶¶ 4-5, Exhibit 2).

12.     Ms. Smith alleges "[t]hat as a result of the subject crash, [she] suffered serious and permanent injuries" and she seeks to recover from Mr. Hattler "in excess of $75,000.00, plus interest cost and for punitive damages." (Petition, ¶ 10; p. 5, Exhibit 2).

## II.     THE ALLSTATE AUTO POLICY DOES NOT PROVIDE LIABILITY COVERAGE TO MR. HATTLER FOR THE ACCIDENT BECAUSE THE GMC TRUCK WAS NOT AN INSURED AUTO UNDER THE POLICY

13.     Allstate incorporates herein paragraphs 1 through 12 of this Complaint.

14.     The Automobile Liability Coverage extension clause set forth in the Policy provides in relevant part as follows:

> **General Statement Of Coverage**
> If a premium is shown on the Policy Declarations for **Automobile Liability Insurance – Bodily Injury and Property Damage, we** will pay damages which an **insured person** is legally obligated to pay because of:
> 1. **bodily injury** sustained by any person, and
> 2. damage to, or destruction of, property.
>
> Under these coverages, your policy protects an **insured person** from liability for damages arising out of the ownership, maintenance, or use, loading or unloading, of an **insured auto**. (Policy, p. 6).

15.     Based on the foregoing terms of the Policy, Liability Coverage extends to an insured person for damages arising out of the use of an "insured auto." The policy defines the term "insured auto" as the "**auto** you own which is described on the Policy

3

Declarations," including an "additional auto, "replacement auto," "substitute auto," and "non-owned auto." (Policy, p. 7).

16.    The auto described on the Policy Declarations is a 2014 Nissan Altima ("Nissan") owned by Mr. Hattler. (Policy, Declarations, p. 3. Exhibit 1). At the time of the accident, Mr. Hattler was not driving the insured Nissan.

17.    The Policy defines the terms "Additional Auto" and "Replacement Auto" in relevant part as follows:

> 1.    **Additional Auto** means an **auto** of which **you** become the owner during the policy period and which is:
> - a)    not described on the Policy Declarations; and
> - b)    not acquired as a permanent replacement for an **auto** described on the Policy Declarations. (Policy, p. 3, ¶ 1, Exhibit 1).
>
> ***
>
> 5.    **Replacement Auto** means an **auto** of which **you** become the owner during the policy period and which is:
> - a)    not described on the Policy Declarations; and
> - b)    acquired as a permanent replacement for an **auto** described on the Policy Declarations. (Policy, p. 4, ¶ 5, Exhibit 1).

18.    The GMC Truck operated by Mr. Hattler at the time of the accident was owned Kirk Flowers and Mr. Hattler never become the owner of that vehicle. Thus, the GMC Truck was not an "Additional Auto" or a "Replacement Auto" as those terms are defined in the Policy.

19.    The Policy defines the term "Substitute Auto" in relevant part as follows:

> 8.    **Substitute Auto** means a **non-owned auto** being temporarily used by **you** or a **resident relative** with the permission of the

4

owner while **your auto** insured under this policy is being serviced or repaired, or if it is stolen or destroyed. (Policy, p. 4, ¶ 8, Exhibit 1).

20.     At the time of the accident, Mr. Hattler was not using the GMC Truck while his insured Nissan was being serviced or repaired. Accordingly, the GMC Truck was not a "Substitute Auto" as that term is defined in the Policy.

21.     The Policy defines the "Non-owned Auto" in relevant part as follows:

3. **Non-owned Auto** means an **auto** used by **you** or a **resident** relative with the owner's permission but which is not:
   a) Owned by **you** or a **resident** relative, or
   b) Available or furnished for the regular use of **you** or a **resident** relative. (Policy, p. 7, Exhibit 1).

22.     The exception set forth in subpart (b) of the definition of Non-owned Auto removes from that definition any vehicle that is "[a]vailable or furnished for the regular use of **you** [Hattler]." The GMC Truck was available or furnished for the regular use of Mr. Hattler. Accordingly, the GMC Truck was not a "Non-owned Auto" as that term is defined in the Policy.

23.     Because the Automobile Liability Coverage provided by the Policy applies only to "damages arising out of the ownership, maintenance, or use, loading or unloading, of an **insured auto,**" and the GMC is not an "insured auto," the Policy does not extend Liability Coverage to Mr. Hattler for the accident.

24.     In addition to actual damages, Ms. Smith seeks to recover punitive damages from Mr. Hattler. (Petition, p. 5, Exhibit 1). The policy provides that "[w]e [Allstate] will not pay any punitive or exemplary damages." (Policy, p. 6, Exhibit 1). Moreover,

"[p]unitive damages are not damages for 'bodily injury' or 'property damage.'" *State Farm Fire & Cas. Co. v. Aberdeen Enterprizes II, Inc.*, 2020 WL 4550390, at \*5 (N.D. Okla. 6, 2020). "Even if the policy extended coverage to such damages, Oklahoma public policy does not allow a defendant to escape liability for exemplary or punitive damages by shifting the loss to an insurer." *Id.*, citing *Dayton Hudson Corp. v. Am. Mut. Liab. Ins.*, 621 P.2d 1155, 1160 (Okla. 1980). Thus, even if the Policy extended Liability Coverage to Mr. Hattler for the accident, which Allstate denies, coverage does not extend to punitive damages.

## III.   DECLARATORY JUDGMENT

25.   Allstate incorporates herein paragraphs 1 through 24 of this Complaint.

26.   An actual controversy exists between the parties concerning the insurance coverage issues set forth herein, and Allstate has no adequate remedy by which this controversy may be resolved other than that which is requested by this Complaint for Declaratory Judgment.

**WHEREFORE**, Allstate seeks a judgment declaring that (1) the Policy does not provide Liability Coverage to Mr. Hattler for the subject accident, and (2) Allstate is not liable for any judgment that might be secured by Ms. Smith against Mr. Hattler in the Underlying Action. Allstate seeks all further relief allowed by Oklahoma law relating to this matter, and reserves the right to amend this Complaint should discovery necessitate same.

Respectfully submitted,

**ATKINSON, BRITTINGHAM, GLADD
FIASCO, EDMONDS & ANNIS**


/s/ Galen L. Brittingham
Galen L. Brittingham, OBA #12226
James N. Edmonds, OBA #15757
Kirsten L. Palfreyman, OBA #30668
525 South Main, Suite 1500
Tulsa, Oklahoma 74103-4524
Telephone: (918) 582-8877
Facsimile: (918) 585-8096
gbrittingham@abg-oklaw.com
jedmonds@abg-oklaw.com
kpalfreyman@abg-oklaw.com
***Counsel for Plaintiff, Allstate
Fire and Casualty Insurance Company***