**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| 1. ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY,<br><br>           Plaintiff,<br>v.<br><br>1. TRENTON HATTLER, and<br>2. BETSY SMITH<br><br>           Defendants. | Case No.: 22-cv-00117-J |

**JOINT STATUS REPORT AND DISCOVERY PLAN**

Date of Conference:  April 20, 2022

Appearing for Plaintiff:  Galen L. Brittingham and Kirsten L. Palfreyman

Appearing for Defendant Trenton Hattler:  Curtis N. Bruehl

Appearing for Defendant Betsy Smith:  Rex Travis and Bryce Johnson

**Jury Trial Demanded X  -  Non-Jury Trial ☐**

1. **BRIEF PRELIMINARY STATEMENT**.  State <u>briefly</u> and in ordinary language the facts and positions of the parties to inform the judge of the general nature of the case.

   **Plaintiff Allstate Fire and Casualty Insurance Company:**

   On January 21, 2021, Betsy Smith filed suit against Trenton Hattler, Kirk Flowers, and Affordable Pool Solutions, LLC ("Affordable Pools"), in Oklahoma County District Court ("Underlying Action"). In the Underlying Action, Ms. Smith contends that on March 26, 2019, she was driving her car eastbound on N.W. Expressway in Oklahoma City. According to Ms. Smith, while she was stopped behind other vehicles at a red light, Mr. Hattler "negligently failed to bring his vehicle to a stop causing his vehicle to strike the rear of [Ms. Smith's] vehicle." (Smith Petition, ¶ 8). At the time of the accident, Mr. Hattler was driving a 2004 GMC 1500 Sierra pickup truck ("GMC Truck") owned by Kirk Flowers who is the owner of Affordable Pools.

At the time of the accident, Allstate insured Mr. Hattler under an Auto Policy ("the Policy"). The Policy insured Mr. Hattler's 2014 Nissan Altima. Subject to its terms, conditions, and limitations, the Liability Coverage provided by the Policy extends to an insured person for damages arising out of the use of an "insured auto." The policy defines the term "insured auto" as the "**auto** you own which is described on the Policy Declarations," including an "additional auto, "replacement auto," "substitute auto," and "non-owned auto." (Policy, p. 7). The auto identified on the Declarations is Mr. Hattler's 2014 Nissan Altima. Therefore, the GMC Truck constitutes an "insured auto" only if it qualifies as an "additional auto, "replacement auto," "substitute auto," or "non-owned auto." (Policy, p. 7). In this declaratory judgment action, Allstate seeks a ruling that the GMC Truck does not qualify as "additional auto, "replacement auto," "substitute auto," or "non-owned auto" and, therefore, the Liability Coverage provided by the Policy does not extend to Mr. Hattler's liability, if any, for the subject accident.

Additionally, Ms. Smith seeks punitive damages. The Policy provides that Liability Coverage does not extend to punitive damages. Furthermore, "[p]unitive damages are not damages for 'bodily injury' or 'property damage.'" *State Farm Fire & Cas. Co. v. Aberdeen Enterprizes II, Inc.*, 2020 WL 4550390, at *5 (N.D. Okla. 6, 2020). "Even if the policy extended coverage to such damages, Oklahoma public policy does not allow a defendant to escape liability for exemplary or punitive damages by shifting the loss to an insurer." *Id.*, citing *Dayton Hudson Corp. v. Am. Mut. Liab. Ins.*, 621 P.2d 1155, 1160 (Okla. 1980). Allstate seeks a ruling that the Policy does not provide coverage for punitive damages.

**Defendant Trenton Hattler**: Defendant Hattler contends that the auto he was operating qualifies as an "additional auto, "replacement auto," "substitute auto," or "non-owned auto" and, therefore, the liability coverage provided by his insurance policy extends to any potential liability Mr. Hattler may have in the underlying case.

**Defendant Betsy Smith**: Defendant agrees generally with the statement of Plaintiff, above. Ms. Smith contends that the GMC Truck Mr. Hattler was driving in the course and scope of his employment was a "non-owned" vehicle from which coverage was not excluded because it was not "furnished for the regular use" of Mr. Hattler but was regularly furnished for the use of his employer, Affordable Pools. Defendant Smith believes Affordable Pools is a necessary party to this Declaratory Judgment Action. Ms. Smith agrees with the plaintiff that the policy does not afford punitive damage coverage.

2. **JURISDICTION**.  State the basis on which the jurisdiction of the Court is invoked and any presently known objections.

    Diversity Jurisdiction, 28 U.S.C. § 1332; Declaratory Judgment, 28 U.S.C § 2201 *et seq.*

3. **STIPULATED FACTS**. List stipulations as to all facts that are not disputed,

including jurisdictional facts.

**A.** Plaintiff, Allstate Fire and Casualty Insurance Company, is a citizen and resident of the State of Illinois.

**B.** Defendant Trenton Hattler is a citizen and resident of the State of Oklahoma.

**C.** Defendant Betsy Smith is a citizen and resident of the State of Oklahoma.

**D.** The amount in controversy exceeds $75,000 exclusive of interest and costs. Diversity Jurisdiction pursuant to 28 U.S.C. § 1332.

**E.** Allstate Fire and Casualty Insurance Company issued to Trenton Hattler Auto Policy Number 815 347 234.

4. **CONTENTIONS AND CLAIMS FOR DAMAGES OR OTHER RELIEF SOUGHT**.

   a. <u>Plaintiff</u>: Declaratory judgment relating to the rights of the parties under the Subject Allstate Auto Policy.

   b. <u>Defendant</u>:

5. **APPLICABILITY OF FED. R. CIV. P. 5.1 AND COMPLIANCE**.
   Do any of the claims or defenses draw into question the constitutionality of a federal or state statute where notice is required under 28 U.S.C. § 2403 or Fed. R. Civ. P. 5.1?
   ☐ Yes  X No

6. **MOTIONS PENDING AND/OR ANTICIPATED** (include date of filing, relief requested, and date responsive brief to be filed).

   Allstate anticipate filing Motion for Summary Judgment relating to the insurance coverage issues presented in its Complaint.

7. **COMPLIANCE WITH RULE 26(a)(1)**.  Have the initial disclosures required by Fed. R. Civ. P. 26(a)(1) been made?  ☐ Yes   X No
   If "no," by what date will they be made?  4/27/2022

8. **PLAN FOR DISCOVERY**.

   A.   The discovery planning conference (Fed. R. Civ. P. 26(f)) was held on 4/20/2022.

B. The parties anticipate that discovery should be completed within __4__ months.

C. In the event ADR is ordered or agreed to, what is the minimum amount of time necessary to complete necessary discovery prior to the ADR session? _____.

D. Have the parties discussed issues relating to disclosure or discovery of electronically stored information, including the form or forms in which it should be produced, pursuant to Fed. R. Civ. P. 26(f)(3)(C)?

X Yes ☐ No

E. Have the parties discussed issues relating to claims of privilege or of protection as trial-preparation material pursuant to Fed.R.Civ.P. 26(f)(3)(D)?

X Yes ☐ No

To the extent the parties have made any agreements pursuant to Fed. R. Civ. P. 26(f)(3)(D) and Fed. R. Civ. P. 502(e) regarding a procedure to assert claims of privilege/protection after production and are requesting that the court include such agreement in an order, please set forth the agreement in detail below and submit a proposed order adopting the same.
___None_____

F. Identify any other discovery issues which should be addressed at the scheduling conference, including any subjects of discovery, limitations on discovery, protective orders needed, or other elements (Fed. R. Civ. P. 26(f)) which should be included in a particularized discovery plan.
___None_____

9. **ESTIMATED TRIAL TIME**: 1 day_____

10. **BIFURCATION REQUESTED**:   ☐ Yes    X No

11. **POSSIBILITY OF SETTLEMENT**:   ☐ Good   ☐ Fair   X Poor

12. **SETTLEMENT AND ADR PROCEDURES**:

A. Compliance with LCvR 16.1(a)(1) - ADR discussion:  X Yes    ☐ No

  B.  The parties request that this case be referred to the following ADR process:

    ☐ Court-Ordered Mediation subject to LCvR 16.3
    ☐ Judicial Settlement Conference
    X Other  _If necessary, private mediation_____
    ☐ None - the parties do not request ADR at this time.

13. Parties consent to trial by Magistrate Judge? ☐ Yes X No

14. Type of Scheduling Order Requested. X Standard - ☐ Specialized (If a specialized scheduling order is requested, counsel should include a statement of reasons and proposal.)

Submitted this 25th day of April, 2022.

           _____/s/ Galen L. Brittingham_____
           Counsel for Plaintiff, Allstate Fire and Casualty Insurance Company
           Galen L. Brittingham, OBA #12226
           James N. Edmonds, OBA #15757
           Kirsten L. Palfreyman, OBA #30668
           525 South Main, Suite 1500
           Tulsa, Oklahoma 74103-4524
           Telephone: (918) 582-8877
           Facsimile: (918) 585-8096
           gbrittingham@abg-oklaw.com
           jedmonds@abg-oklaw.com
           kpalfreyman@abg-oklaw.com


           _____/s/ Curtis "Muskrat" Bruehl_____
           Counsel for Defendant Trenton Hattler
           Curtis "Muskrat" Bruehl, OBA #19418
           Fulmer Sill, PLLC
           1101 N. Broadway Ave., Suite 102
           Oklahoma City, OK 73103
           Telephone: (405) 509-6300
           Facsimile: (800) 978-1345
           cbruehl@fulmersill.com

           _____/s/ Rex Travis_____
           Counsel for Defendant Betsy Smith
           Rex Travis, OBA #9081

Travis Law Office
12220 N. MacArthur Blvd., Suite F #220
Oklahoma City, OK 73162-1851
Telephone: (405) 236-5400
Facsimile: (405) 242-3481
info@travislawoffice.com

   and

Bryce Johnson, OBA #11369
Johnson & Biscone
105 N. Hudson, Suite 100
Oklahoma City, OK 73102-4801
Telephone: (405) 232-6490
Facsimile: (405) 236-3676
bjohnson@oklalegal.com