UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>TRENTON HATTLER and BETSY SMITH,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>) Case No. CIV-22-117-J<br>)<br>)<br>)<br>) |

# ORDER

Before the Court are Plaintiff Allstate Fire and Casualty Insurance Company's (Allstate) Motion for Summary Judgment [Doc. No. 24] and Defendant Betsy Smith's (Smith) Motion for Summary Judgment [Doc. No. 25]. The motions have been fully briefed. Based upon the parties' submissions, the Court makes its determination.

**I.   Background**[1]

Defendant Trenton Hattler (Hattler) was working for Affordable Pool Solutions (APS) on March 26, 2019, when he rear-ended Smith's car in Oklahoma City (Accident). Hattler was acting within the course and scope of his employment with APS when the Accident occurred. The vehicle Hattler was driving at the time of the Accident was a 2004 GMC truck (Truck) owned by Kirk Flowers, who is the owner of APS.

Hattler worked for APS from late May, 2018 to November, 2019. After an initial training period in which he rode with the owner of APS for training, Hattler was provided with a company vehicle for purposes of doing his job. Driving a vehicle was a regular part of Hattler's job duties;

---

[1] The facts set forth in this section are undisputed by the parties.

every morning, he would go to the Pool Store at APS and pick up a truck. Hattler was also allowed to use the company vehicle for lunch breaks, as long as they were for a reasonable period of time.

On January 21, 2021, Smith filed suit against Hattler, Mr. Flowers, and APS, alleging that she sustained personal injuries and other damages as a result of Hattler's alleged negligence (Underlying Action). In addition to compensatory damages, Smith asserted a claim for punitive damages against Hattler, Mr. Flowers, and APS.

The Truck was insured by Grain Dealers Mutual Insurance Company under a commercial automobile policy issued to APS. That policy listed Hattler as an insured driver and provided one million dollars in liability coverage. At the time of the Accident, Hattler was also insured with Allstate under a personal auto policy covering a 2014 Nissan Altima as the listed covered vehicle (Policy).

On February 9, 2022, Allstate filed this action seeking a declaratory judgment that the Policy does not provide liability coverage to Hattler for the Accident and that Allstate is not liable for any judgment that might be secured by Smith against Hattler in the Underlying Action. Allstate and Smith have each moved for summary judgment.

## II.   Standard of Review

Summary judgment is warranted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Material facts are those which "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id*. To determine whether this standard is met, the Court views the evidence in the light most favorable to the non-moving party. *See Estate of Booker v. Gomez*, 745 F.3d 405, 411 (10th Cir. 2014).

"[T]he plain language of Rule 56(c) mandates entry of summary judgment . . . against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).

**III.   Analysis**

The sole issue in this case is whether the Policy provides liability coverage to Hattler for the Accident. The Policy provides that it "protects an **insured person**[2] from liability for damages arising out of the ownership, maintenance, or use, loading or unloading, of an **insured auto**." Policy [Doc. No. 24-4] at 18.[3] The term "insured auto" is defined in the Policy as follows:

> **Insured Auto** means an **auto you** own which is described on the Policy Declarations and for which a premium is shown for **Automobile Liability Insurance – Bodily Injury and Property Damage**. This also includes:
> a)   its **replacement auto**;
> b)   an **additional auto**;
> c)   a **substitute auto**;
> d)   a **non-owned auto**; or
> e)   a **trailer** or **travel-trailer**.

*Id.* at 19.[4] The term "non-owned auto" is defined in the Policy as follows:

> **Non-owned Auto** means an **auto** used by **you** or a **resident** relative with the owner's permission but which is not:
> a)   owned by **you** or a **resident** relative; or
> b)   available or furnished for the regular use of **you** or a **resident** relative.

*Id.*

---

[2] It is undisputed that Hattler is an "insured person."
[3] Citations to page numbers refer to the Court's CM/ECF pagination.
[4] The parties agree that the only definition of "insured auto" that could apply in this case is a "non-owned auto."

3

Allstate asserts the Truck was available or furnished for the regular use of Hattler and thus is not a "non-owned auto." Allstate therefore contends the Policy does not provide coverage for the Accident. Smith contends the Truck was not furnished for the regular use of Hattler but rather was furnished for the use of Hattler's employer and thus the Truck is a "non-owned auto." Smith therefore contends the Policy provides coverage for the Accident. Alternatively, Smith asserts the "available or furnished for the regular use" exclusion is ambiguous.

"The interpretation of an insurance contract and whether it is ambiguous is determined by the court as a matter of law." *Haworth v. Jantzen*, 172 P.3d 193, 196 (Okla. 2006). "An insurance contract is ambiguous only if it is susceptible to two constructions on its face from the standpoint of a reasonably prudent layperson, not from that of a lawyer. However, [the] Court will not indulge in forced or constrained interpretations to create and then construe ambiguities in insurance contracts." *Id.* Further, "[t]he mere fact the parties disagree or press for a different construction does not make [an insurance contract] ambiguous." *Pitco Prod. Co. v. Chaparral Energy, Inc.*, 63 P.3d 541, 545 (Okla. 2003).

Having reviewed the parties' briefs, the language of the "available or furnished for the regular use" exclusion, and the case law, the Court concludes the exclusion is not ambiguous. While some courts have found the phrase "regular use" ambiguous, "[t]he majority of courts which have considered regular use exclusions . . . have held the phrase 'regular use' to be unambiguous as a matter of law, notwithstanding the absence of a specific definition in the policy." *Am. Family Ins. Grp. v. Hemenway*, 575 N.W.2d 143, 149 (Neb. 1998) (internal citations omitted). *See also Progressive Direct Ins. Co. v. Yousif*, No. CIV-09-838-D, 2010 WL 3959623, at *5 (W.D. Okla. Oct. 8, 2010) ("Although some courts have found the phrase 'regular use' ambiguous, those decisions represent the minority view"); *Nationwide Mut. Ins. Co. v. Shoemaker*, 965 F. Supp. 700,

703 n.3 (E.D. Pa. 1997) (overwhelming weight of authority supports view that "regular use" not ambiguous). The Court, therefore, will interpret the "available or furnished for the regular use" exclusion according to its plain and ordinary meaning.

While no Oklahoma state court has addressed the "available or furnished for the regular use" exclusion, the meaning of this exclusion has been interpreted in the United States District Court for the Western District of Oklahoma. In *Yousif*, the court interpreted "regular use" to mean use that is "consistent with a recurring pattern or uniform course of conduct or dealing, as opposed to casual or occasional" and that such use "need not be continuous, unfettered, or without limitation" and "may be subject to some restrictions." *Yousif*, 2010 WL 3959623, at *7. The phrase "furnished for regular use" has also been interpreted as a vehicle that "is provided, supplied or afforded to the individual according to some established rule or principle or used in steady or uniform course, practice or occurrence as contrasted with being furnished for use only on casual, random, unpredictable or chance occasions." *Gonzalez v. Geisler*, 72 So.3d 992, 996 (La. Ct. App. 2011). *See also Valentine v. Farmers Ins. Exch.*, 141 P.3d 618, 622 (Utah Ct. App. 2006) (regular use "embodies use that is marked by a pattern of usage or some frequency of usage rather than a use that is unfettered or without limitation"); *Prudential Prop. & Casualty Ins. Co. v. Armstrong*, No. Civ.A.03-4575, 2004 WL 603416, at *4 (E.D. Pa. Mar. 24, 2004) ("term regular use simply requires that the vehicle in question be available to the insured on a 'usual, normal or customary' basis").

As is shown in the above caselaw, the determination of whether a vehicle was available for an insured's "regular use" is a fact-intensive inquiry. However, when the material facts are undisputed, as in the instant case, the issue of coverage can be decided as a matter of law. In this case, it is undisputed that Hattler was provided with a company vehicle for purposes of doing his

5

job and that driving a vehicle was a regular part of his job duties at APS. Hattler testified that it was part of his uniform course of conduct to use a company vehicle and that he would go to the Pool Store at APS every morning and pick up a truck. Hattler further testified that his standard daily routine and practice was to drive to the pool store, pick up the work truck, get his work route done, go to lunch, and drop the truck back off at the store. It is also undisputed that Hattler was within the course and scope of his employment with APS when the accident occurred.

Based upon the above undisputed facts, the Court concludes the Truck was available and furnished for the regular use of Hattler and thus is not a "non-owned auto."[5] The Policy therefore does not provide liability coverage to Hattler for the Accident, and Allstate is not liable for any judgment that might be secured by Smith against Hattler in the Underlying Action. Accordingly, summary judgment should be granted in favor of Allstate.

## IV.     Conclusion

For the reasons set forth above, the Court GRANTS Plaintiff's Motion for Summary Judgment [Doc. No. 24] and DENIES Defendant Smith's Motion for Summary Judgment [Doc. No. 25].

IT IS SO ORDERED this 5th day of October, 2022.

_____
BERNARD M. JONES
UNITED STATES DISTRICT JUDGE

---

[5] The Court would note the case law relied upon by Smith is factually different from the instant case. Smith's cases involve using a work vehicle for a personal errand, work vehicles provided for limited uses, and only occasional use of a work vehicle.